```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


J.D. FIELDS & COMPANY, INC.,      §
                                  §
          Plaintiff and           §
          Counter-defendant,      §
                                  §
v.                                §    CIVIL ACTION NO. H-08-3076
                                  §
UNITED STATES STEEL               §
INTERNATIONAL, INC.,              §
                                  §
          Defendant and           §
          Counter-plaintiff.      §
```

## MEMORANDUM OPINION AND ORDER

This action concerns a dispute between J.D. Fields & Company, Inc. ("J.D. Fields") and United States Steel International, Inc. ("USSI") regarding three transactions for the sale of steel pipe. On October 14, 2009, the court issued a Memorandum Opinion and Order ("the Opinion," Docket Entry No. 39) granting in part and denying in part USSI's Motion for Summary Judgment (Docket Entry No. 22) and denying J.D. Fields' Motion for Partial Summary Judgment (Docket Entry No. 24). Pending before the court is Plaintiff, J.D. Fields & Company, Inc.'s Motion for Reconsideration (Docket Entry No. 41), in which J.D. Fields argues that the court erred in granting USSI's summary judgment motion. For the reasons explained below, the court will deny J.D. Fields' motion.

## I. Procedural Background

J.D. Fields filed this action against U.S. Steel on October 16, 2008, alleging breach of contract and promissory estoppel regarding two transactions for steel pipe in which J.D. Fields claimed that its purchase orders, P.O. 45850 and P.O. 46110, created binding contracts that U.S. Steel failed to fill (Docket Entry No. 1). On November 11, 2008, J.D. Fields added USSI as a defendant (Docket Entry No. 7). On November 12, 2008, U.S. Steel moved for the case against it to be dismissed, as USSI was the proper defendant (Docket Entry No. 8). The court granted U.S. Steel's motion on February 6, 2009 (Docket Entry No. 14). On December 3, 2008, USSI filed a counterclaim against J.D. Fields alleging that J.D. Fields had failed to pay for a shipment of steel pipe that it had accepted (Docket Entry No. 10). On July 29, 2009, J.D. Fields moved for leave to file a second amended complaint including allegations of fraud and negligent misrepresentation against USSI (Docket Entry No. 20). On August 20, 2009, the court granted J.D. Fields' motion in part, permitting J.D. Fields to amend its complaint to allege fraud, but denying leave to add the negligent misrepresentation claim because it failed to state an actionable claim under Texas law (Docket Entry No. 28). USSI filed a Motion for Summary Judgment on July 31, 2009 (Docket Entry No. 22). On the same day J.D. Fields filed a Partial Motion for Summary Judgment on Its Breach of Contract Claim regarding P.O. 46110 (Docket Entry No. 24). On October 14, 2009, the court issued

the Opinion granting in part and denying in part USSI's motion, and denying J.D. Fields' motion (Docket Entry No. 39).

On November 4, 2009, J.D. Fields filed the pending Motion for Reconsideration (Docket Entry No. 41).  On November 24, 2009, USSI filed a Response in opposition to J.D. Fields' Motion (Docket Entry No. 55).   J.D. Fields filed a Reply to USSI's Response on December 1, 2009 (Docket Entry No. 58), and on February 3, 2010, USSI filed a Sur-Reply (Docket Entry No. 61).

## II.  Standard of Review

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  See Shepherd v. International Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). See also St. Paul Mercury Insurance Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997).  If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.  See Shepherd, 372 F.3d at 328 n.1.  However, since a court retains the power to revise an interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities, see FED. R. CIV. P. 54(b), the ten-day deadline does not apply to motions for reconsideration of interlocutory orders.  Thus, a court may apply Rule 59(e)'s standards to a motion for reconsideration of an interlocutory order as long as the motion is not unreasonably

delayed. See Standard Quimica De Venezuela v. Cent. Hispano International, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999).

The court's October 14, 2009, Memorandum Opinion and Order was an interlocutory order. J.D. Fields filed its Motion for Reconsideration twenty-one days after the court issued the Opinion. The court concludes that J.D. Fields did not unreasonably delay the filing of the motion and that the motion should, therefore, be considered under the standards applied to Rule 59(e) motions. See id.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir.), cert. denied, 125 S.Ct. 411 (2004) (quoting In re TransTexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit has held that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to alter or amend the judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. Relief on this basis is also appropriate when there has been an intervening change in the controlling law. See Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit has warned that altering, amending,

-4-

or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. Templet, 367 F.3d at 479.

### III.   Analysis

J.D. Fields alleges that the court committed four errors in the Opinion. J.D. Fields does not allege that there has been a change in the controlling law or that any new evidence has been discovered. Therefore, J.D. Fields is only entitled to relief under Rule 59(e) if it can show that the Opinion was based on "manifest errors of law or fact." Templet, 367 F.3d at 479.

**A.   J.D. Fields' First Claim of Error**

J.D. Fields argues that the court erred in concluding as matters of law that no contracts had been formed as to purchase orders 45850 and 46110. Specifically, J.D. Fields argues that the court, instead of considering the several factors that it mentioned in the Opinion, should have looked to (a) the terms of Moll's requests for quotations (RFQs), (b) the completeness of the terms contained in the RFQs and responding quotations, and (c) the fact that the offer was addressed only to J.D. Fields. These points correlate with the factors listed in Comment C to Restatement (Second) of Contracts § 26, dealing with "Quotation of Price."

As a preliminary matter, this argument "rehash[es] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment"; the Fifth Circuit has stated that Rule 59(e) is not an appropriate vehicle for such arguments.

-5-

Templet, 367 F.3d at 479. The court spent many hours considering the parties' arguments concerning the appropriate legal standard for questions of contract formation. The court concluded that generally "a price quotation is considered an invitation for an offer, rather than an offer to form a binding contract," E.C. Styberg Eng'g Co. v. Eaton Corp., 492 F.3d 912, 918 (7th Cir. 2007), and that "the purchase order usually is the first document having the legal attributes of an offer." Gulf States Utils. Co. v. NEI Peebles Electric Prods., Inc., 819 F.Supp. 538, 549 (M.D. La. 1993). Because there are exceptions to these general rules, however, the court determined that the decisive question on whether a price quotation creates a binding offer is whether it reasonably appears from the price quotation that assent to the quotation is all that is needed to ripen the quotation into a contract. See Crest Ridge Const. Group, Inc. v. Newcourt Inc., 78 F.3d 146, 152 (5th Cir. 1996).

In answering this question, the court considered all of the parties' arguments and all of the summary judgment evidence. The court concluded, based on a number of factors, that it could not reasonably have appeared to J.D. Fields' employees that assent to USSI's price quotations was all that was needed to ripen the offers into contracts.[1] Although the court did not mention in the Analysis section of the Opinion the particular factors urged by J.D. Fields, the court took those factors, as well as several

---

[1] Memorandum Opinion and Order, Docket Entry No. 39, pp. 14-32.

others, into consideration in deciding the motion.  J.D. Fields appears to argue that it was error for the court to consider any factors other than those listed in Comment C to Restatement (Second) of Contracts § 26.  J.D. Fields has not pointed the court to any Texas or Fifth Circuit opinions holding that these factors are the exclusive factors that a court can consider in determining whether a price quotation is an offer.  The Eight Circuit opinion cited by J.D. Fields only characterizes these factors as "relevant."  Nordyne, Inc. v. International Controls & Measurements Corp., 262 F.3d 843, 846 (8th Cir. 2001).

The court is not persuaded that its analysis of the contract formation issues contained errors of law.  Since J.D. Fields' argument is merely a rehashing of arguments already considered at the summary judgment stage, the court concludes that J.D. Fields is not entitled to relief under Rule 59(e) on this claim.

**B.   J.D. Fields' Second Claim of Error**

J.D. Fields argues that the court erred in granting summary judgment to USSI on J.D. Fields' breach of contract claims because contract formation is a question of fact and, therefore, is inappropriate to dispose of in summary judgment.  This argument is somewhat surprising given that J.D. Fields sought summary judgment on one of its own breach of contract claims.[2]  Furthermore, J.D.

---

[2]Plaintiff, J.D. Fields & Company, Inc.'s Partial Motion for Summary Judgment on Its Breach of Contract Claim, Docket Entry No. 24, pp. 5, 9.

Fields cites in its motion several cases in which courts determined contract formation issues as matters of law. See Nordyne, 262 F.3d at 846-847; Audio Visual Assocs., Inc. v. Sharp Elecs. Co., 210 F.3d 254, 260-261 (4th Cir. 2000); Delta Brands, Inc. v. Wysong & Miles Co., 203 F.3d 828, 1999 WL 1240802, at *1 (5th Cir.). Many courts have done so after citing the rule that a price quote only becomes an offer if it reasonably appears from the price quote that assent to the quote is all that is needed to ripen the offer into a contract. See Nordyne, 262 F.3d at 846-847; Gulf States, 819 F.Supp. at 549. Courts may determine issues of contract formation as a matter of law, and may do so according to the reasonable appearance of a price quote, if there is no genuine dispute about any material fact. See FED. R. CIV. P. 56(c).

 J.D. Fields also argues that the court improperly weighed evidence in reaching its decision. A court reviewing evidence for a summary judgment motion "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000). J.D. Fields clouds the distinction, however, between weighing the evidence to determine facts and weighing arguments about those facts to determine their legal consequences. It is the court's role to weigh arguments in order to determine the legal consequences of undisputed facts. The examples cited by J.D. Fields of alleged improper weighing in the Opinion are situations in which the dispute was not over the facts, but rather the legal interpretation of them.

For example, J.D. Fields objects to a particular passage in the Opinion, which it cites as an instance in which the court impermissibly weighed the evidence:

> In addition, Blackman uses the phrases "I can offer" and "We can offer" in his price quotation e-mails. While this terminology might weigh generally in favor of J.D. Fields' interpretation, it does not weigh strongly, since such language may be equally consistent with a price quotation.[3]

In this passage, the court is not determining a fact or judging credibility; the parties do not dispute whether Blackman's e-mail contained the phrase "I can offer." What the parties dispute, and what the court had to determine, was the legal significance of that phrase in the context of Blackman's e-mail. The court weighed the parties' arguments, and determined that the use of the word "offer" in e-mail negotiations does not necessarily mean that a party is making a binding offer. Likewise, the use of the word "weigh" in a sentence discussing evidence does not necessarily mean that a court is impermissibly weighing the evidence.

J.D. Fields also argues that the court improperly made factual findings regarding the parties' course of dealing. In the Opinion the court determined, on the basis of documents submitted by the parties, that the parties had followed in their thirty previous transactions "an essentially similar course of dealing" involving five steps.[4] The court also noted that "J.D. Fields has not

---

[3] Memorandum Opinion and Order, Docket Entry No. 39, p. 22.

[4] Id. at 27-28.

presented any evidence that the general course of dealing between the parties was not as USSI describes."[5]  In its summary judgment pleadings, J.D. Fields never argued that the documents presented by USSI were not authentic, or that they misrepresented the prior dealings between the parties.  J.D. Fields argued, rather, that its interpretation of the documents -- that the price quotations were offers which J.D. Fields accepted with its purchase orders -- was the correct legal interpretation.  The court considered J.D. Fields' arguments and explained why they were not persuasive.[6]  The key point for present purposes is that J.D. Fields did not dispute the facts -- i.e., that the parties' prior course of dealing involved a five-step process -- but rather the legal interpretation of the facts -- at what point in the five-step process a contract was formed.  "[W]here one party has not contested the material facts of its prior course of dealing, the courts may find, as a matter of law, that a course of dealing existed."  Great N. Ins. Co. v. ADT Sec. Servs. Inc., 517 F.Supp.2d 723, 742 (W.D. Pa. 2007) (citing Capital Converting Equip. Inc. v. LEP Transp., Inc., 965 F.2d 391, 395 (7th Cir. 1992) (affirming trial court's grant of summary judgment regarding course of dealing where one party failed to "refute any material factual issue concerning the extent or nature of its prior course of dealing")).

---

[5] Id. at 28.

[6] Id. at 28-30.

J.D. Fields also argues that the court impermissibly made factual findings about steel industry custom although J.D. Fields had presented contrary evidence. J.D. Fields argues that statements made by Guillermo Moll, the employee involved in the contract negotiations, in two affidavits and in his deposition created a fact question regarding industry custom.[7] The court considered the statements in question but interpreted them as describing Moll's subjective beliefs about the transactions in which he was taking part, rather than as describing industry custom. Moll may have subjectively believed that the price quotations he received were offers, but that belief would not necessarily be evidence of industry custom if the belief was not reasonable. Furthermore, in his deposition Moll made statements, not cited or explained by J.D. Fields, to the effect that, generally speaking, price quotes for steel pipe are subject to mill availability.[8] Moll's statements thus supported USSI's description of industry custom more than they contradicted it.

Alternatively, if the court had not viewed this evidence under the framework of industry custom, it would have considered it under the framework of commercial reality. USSI presented evidence, which J.D. Fields did not dispute, that steel-milling pipe is a

---

[7] Plaintiff, J.D. Fields & Company, Inc.'s Motion for Reconsideration ("J.D. Fields' Motion"), Docket Entry No. 41, p. 17.

[8] Deposition of Guillermo Moll, Exhibit 14 to J.D. Fields' Motion, Docket Entry No. 41, p. 274, lines 8-11; also id. at 96 line 6 - 97 line 7.

technologically complex process involving large quantities of raw materials that are subject to wide variability in price and availability. Under these circumstances, it only makes sense for the mill to have the final say on what it can deliver. To accept the interpretation urged by J.D. Fields -- that USSI's e-mailed price quotations constituted binding offers -- would inevitably expose USSI to liability for contracts it could not physically, much less profitably, fill. J.D. Fields has never offered an explanation for how its interpretation would make sense in the commercial realities of steel-milling. Moreover, if the court had not considered the evidence concerning industry custom, it still would have reached the same conclusion on the basis of the other factors cited.

**C. J.D. Fields' Third Claim of Error**

J.D. Fields argues that the court erred by granting summary judgment regarding J.D. Fields' fraud claims <u>sua sponte</u> without providing adequate notice that it intended to rule on these claims. J.D. Fields notes correctly that "district courts can enter summary judgment <u>sua sponte</u>, so long as the losing party has ten days notice to come forward with all of its evidence." <u>Washington v. Resolution Trust Corp.</u>, 68 F.3d 935, 939 (5th Cir. 1995). In ruling on the fraud claim, the court stated:

> USSI's Motion for Summary Judgment (Docket Entry No. 22) does not address J.D. Fields' fraud claim; J.D. Fields' motion to add the claim was filed only two days

>        before USSI filed its Motion for Summary Judgment, which
>        occurred on the deadline for dispositive motions. USSI's
>        Motion, however, makes clear that it seeks summary
>        judgment on all of the claims J.D. Fields has brought
>        against it. Given the arguments presented in the
>        parties' pleadings, the court concludes that there is
>        sufficient evidence in the record to consider the fraud
>        claims in this opinion and order.[9]

As the court stated in the Opinion, it interpreted USSI's motion as a motion for summary judgment on all of J.D. Fields' claims, rather than as a partial summary judgment motion. Furthermore, the court made its decision regarding the fraud claim entirely on the basis of reliance, an element of which J.D. Fields clearly had notice because of USSI's arguments regarding J.D. Fields' promissory estoppel claims. In discussing the notice requirement for sua sponte summary judgments, the Fifth Circuit has stated that "the nonmoving party must also have some notice of what 'contention' or issue is placing his case in jeopardy." General Retail Services, Inc. v. Wireless Toyz Franchise, LLC, 255 Fed. Appx. 775, 788 (5th Cir. 2007). J.D. Fields had notice that the element of reliance was in jeopardy regarding its promissory estoppel claim, but in its briefing for summary judgment it never addressed that element or provided any other support for its promissory estoppel claim. The court concluded that it was appropriate to grant summary judgment on J.D. Fields' fraud claims on a point that J.D. Fields knew was in issue.

Furthermore, the court notes that J.D. Fields has not provided a single argument in its Motion for Reconsideration or its Reply

---

[9]Memorandum Opinion and Order, Docket Entry No. 39, p. 37.

for why the fraud claim had merit. Even if it lacked notice before, it surely has had an opportunity since to air its arguments. Yet, it has not provided the court with any reason to conclude that the prior ruling was in error.

**D.   J.D. Fields' Fourth Claim of Error**

J.D. Fields argues that the court erred when it considered USSI's Exhibit 33 as evidence of the agreed contract price for P.O. 1545911. This claim of error gives the court nothing to reconsider, as the court made no ruling as to the agreed contract price for P.O. 1545911. Specifically, the court concluded that USSI had not proven its contract damages as a matter of law.[10] Therefore, there was no ruling on this issue from which the court could grant relief.

## IV.   Order

For the reasons explained above, the court concludes that J.D. Fields has not raised any "manifest errors of law or fact" for which the court should apply the extraordinary remedy of relief under Rule 59(e). See Templet, 367 F.3d at 479. Therefore, J.D. Fields' Motion for Reconsideration (Docket Entry No. 41) is **DENIED.**

**SIGNED** at Houston, Texas, on this 17th day of February, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[10] Id. at 45-46.